[Civ. No. 10774. Second Appellate District, Division Two.—February 6, 1936.]

H. J. WILSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Harmel L. Pratt for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

CRAIL, P. J.—This is a petition for a writ of mandate against the Superior Court, Judge Parker Wood presiding, to require it to enter the default of certain defendants. Section 411 of the Code of Civil Procedure provides how summons must be served and the petitioner relies upon subdivision 6 thereof which reads as follows: ''6. *Suit against corporation whose charter forfeited.* In all cases where a corporation has forfeited its charter or right to do business in this state, or has dissolved, by delivering a copy thereof to one of the persons who have become the trustees of the corporation and of its stockholders or members. . . . ''

The petitioner alleged that the Beach Land Company, a corporation, was dissolved in the year 1925; that the board of directors of said corporation consisted of W. K. Barnard

and six others, who became and still are trustees of the assets of the dissolved corporation; that the petitioner on the 6th day of August, 1935, commenced an action to quiet title to certain real property, the complaint being in the usual form for actions to quiet title; that the defendants against whom the petitioner seeks a default were named only by fictitious names; and that the defunct corporation was also so named; that on the same day W. K. Barnard, one of said trustees, was duly served with summons and complaint in Los Angeles County, and proper return was made of said service; that no appearance was made by the said Barnard or by any one of the seven trustees of the assets of the said defunct corporation; and that the court refused and still refuses to enter the default of the six trustees other than the said Barnard.

There was nothing in the summons which was served upon defendant Barnard nor in the copy of the complaint which was thereto attached which gave notice to him that he was being served as a trustee of the Beach Land Company, nor that the cause of action was against the other six trustees of the assets of that defunct corporation. For this reason we deny the writ.

Wood, J., and Gould, J., *pro tem.*, concurred.